IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 17-CR-00137-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RODRICK HARRIS,

    Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

    This matter is before the court for detention hearing on October 17, 2017. The court has taken judicial notice of the court's file and the pretrial services report. Moreover, the court has considered the proffers by the defendant and the government.

    In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

    If there is probable cause to believe that the Defendant committed an offense

which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case. In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report and the entire court file. Lastly, I have considered the proffers submitted by the government and defense counsel and the arguments of counsel. Weighing the

statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged in the Indictment as follows:

**COUNT ONE** 21 U.S.C. § 841(a)(1), (b)(1)(B)(II)(ii), (b)(1)(B)(iii) and 846 Conspiracy to Distribute and Possess with intent to distribute 500 grams or more of cocaine and 28 grams or more of cocaine base (crack), both Schedule II controlled substances;

**COUNTS TWO THROUGH SEVEN** 21 U.S.C. § 841(a)(1), and (b)(1)(C), Distribution and Possession with intent to distribute a mixture and substance containing a detectable amount of cocaine base (crack), a Schedule II controlled substance;

**COUNTS EIGHT, AND TEN THROUGH FOURTEEN** 21 U.S.C. § 841(a)(1), and (b)(1)(C), Distribution and Possession with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance;

**COUNT NINE** 21 U.S.C. § 841(a)(1), (b)(1)(C), and 18 U.S.C. §2- Distribution and Possession with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and aiding and abetting the same;

**Notice of Forfeiture**

Second, I find, based upon the Indictment that probable cause exists that the defendant committed the above charges.

Third, I find that defendant has used at least one alias name ["Trigga Loc"]; two alias dates of birth; and one alias Social Security number in the past. Defendant does not possess a valid Colorado driver's license. Defendant has family ties to Lubbock, Texas. Defendant has self reported daily use of marijuana and has used marijuana for a long period of time. Defendant has been previously diagnosed with bipolar disorder and post-traumatic stress disorder [PTSD] and was hospitalized at Denver Health for emotional or psychiatric issues approximately three to four years ago. Defendant self-reported being associated with the Crips Street Gang at age 11. He advised pretrial release that he has been inactive in this Gang for 10 years. .

Fourth, I find that defendant has suffered 25 prior failures to appear, resulting in 23 warrants being issued. Defendant has also failed to appear for three prior probation interviews. Defendant has had his deferred sentence and his probation revoked in the past. Defendant has committed new crimes while on his deferred sentence and while on probation in the past. Defendant has suffered convictions for False Information (3 convictions); Possession of Ethyl Alcohol by Minor; Possession of Marijuana Under One

Ounce (3 convictions); Trespass ( 4 convictions); Assault (3 convictions); Park Curfew; Public Consumption of Alcohol; Drinking Alcohol in Vehicle; Possession of Schedule II Controlled Substance (felony); Interference; Resistence; No Valid Driver's License (2 convictions); Owner Without Proof of Insurance; Speeding Safety Zone 10-14 Over; Bicycle Riding on Sidewalk; Possession of Under Two Ounces of Marijuana; Resisting Arrest; Driving Without a Driver's License - Second Offense (2 convictions);

Fifth, that based upon the charges brought against defendant as listed above in the Indictment the rebuttable presumption of detention applies pursuant to 18 U.S.C. § 3142(e)(3) and (f) and the defendant has not rebutted that presumption

In light of these facts, I find, by a preponderance of the evidence, that defendant is a flight risk and that no condition or combination of conditions of release will reasonably assure his presence in court. Accordingly, I order that the defendant be detained without bond.

Done this 17th day of October 2017.

BY THE COURT

S/ Michael J. Watanabe
Michael J. Watanabe
U.S. Magistrate Judge